**Gregory H. JONES, Plaintiff,**

v.

**Lieutenant E.E. HODGE, et al, Defendants.**

**No. 86–1006–CRT.**

United States District Court, E.D. North Carolina, Raleigh Division.

July 7, 1987.

Gregory H. Jones, pro se.

Thomas J. Ziko, Asst. Atty. Gen., N.C. Dept. of Justice, Raleigh, N.C., for defendants.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

Gregory H. Jones, a prisoner of the State of North Carolina, brings this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that, in 1981, he was reassigned to a less desirable custody classification without having been given a hearing. Defendants have moved for dismissal and, in the alternative, for summary judgment. Plaintiff has also moved for summary judgment. The court today considers these motions.

█ On June 11, 1987, a Memorandum and Recommendation was entered in this matter by a United States Magistrate. The magistrate observes that five and a half years elapsed between the plaintiff's reclassification and the filing of this action. The magistrate notes that, in North Carolina, § 1983 actions are subject to a three-year statute of limitations. N.C.G.S. § 1-52(16). The magistrate therefore recommends dismissal on the ground that the statute of limitations has run. The court disagrees with this analysis. To this date, the plaintiff remains in a less desirable custody classification. The alleged injury to him did not begin and end on the date of his reclassification; rather, if the injury exists, it is renewed each day so long as his disadvantaged status continues. The court agrees with the magistrate that, with regard to deprivations suffered more than three years before he filed his claim, the plaintiff is barred from obtaining relief. Thus, the court will only consider the alleged right of the plaintiff to recover for deprivations alleged to have occurred after September 17, 1983 and dismisses all claims which accrued before that date. The sole question is whether, during the period from September 1983 to September 1986, the plaintiff was denied a constitutionally protected liberty interest in a more desirable custody classification. The court finds no such protected interest.

A constitutionally protected liberty interest may derive from one of two sources. It can arise directly from the Due Process Clause or from the laws of the states. *Hewitt v. Helms,* 459 U.S. 460, 467, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983); *Meachum v. Fano,* 427 U.S. 215, 223–227, 96 S.Ct. 2532, 2537–40, 49 L.Ed.2d 451 (1976). Clearly, the Due Process Clause creates no right to a given custody status. So long as the condition or degree of confinement falls within the sentence imposed on him and does not otherwise violate the Constitution, the Due Process Clause does not subject the treatment of an inmate to judicial oversight. *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). Thus, if Mr. Jones has any liberty interest at all, it must derive from state law.

█ The federal courts will not readily intrude upon the power of prison administrators to manage the daily operations of their institutions; rather, the expertise of prison administrators has traditionally received broad deference. *Meachum,* 427 U.S. at 225, 96 S.Ct. at 2538. The court will recognize a liberty interest in a prisoner's custody classification only if state law or prison regulations use explicitly mandatory language in requiring that administrators use specific substantive procedures in setting or modifying the inmate's classification. *Hewitt,* 459 U.S. at 471, 103 S.Ct. at 871. In this case, the plaintiff has entirely failed to identify any state law or regulation of such mandatory character as to confer a liberty interest. The court concludes that the plaintiff has no constitutionally protected liberty interest in any given custody classification and, hence, has failed to state a claim.

Because it has received submissions from the parties outside the pleadings, the court treats the matter as one for summary judgment under Rule 56, Fed.R.Civ.P. Because the plaintiff has failed to assert any constitutionally protected interest, the defendants are entitled to judgment as a matter of law.

█ The court notes in closing that plaintiff raises an issue with respect to good time credits. Because this question involves the duration, not the conditions, of confinement, the contention may be properly raised only via a petition for a writ of

**256**

habeas corpus. The court dismisses this portion of the plaintiff's claim without prejudice to any claim for habeas corpus relief which the plaintiff may choose to file under the appropriate statute.

For the reasons stated herein, the motions of defendants for summary judgment are ALLOWED, except as to plaintiff's good time claim, which is DISMISSED without prejudice, and plaintiff's claim for alleged deprivations occurring before September 17, 1983, which are dismissed with prejudice under the statute of limitations.